■ FLUSHING NATIONAL BANK, Respondent, v DURANTE BROS. & SONS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. JACK FARBER et al., Third-Party Defendants-Respondents.—In an action to foreclose a mortgage, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated February 29, 1988, which, *inter alia,* granted the plaintiff's motion for summary judgment and dismissed the third-party complaint.

Ordered that the order is affirmed, with costs.

The respondent Flushing National Bank commenced this action to foreclose a mortgage it held on two parcels of realty

owned by the appellants after they defaulted on their repayment obligations. In response to the complaint the appellants asserted various counterclaims alleging, *inter alia,* that the bank was charging a usurious rate of interest on its loans. Thereafter the appellants commenced a separate action in the United States District Court for the Eastern District of New York, alleging that the bank had violated various Federal banking laws and that its actions constituted violations of the Federal Racketeer Influenced and Corrupt Organization Act. The appellants also advanced their State law usury claims in three separate causes of action. Insofar as is relevant to the instant appeal, the Federal court dismissed the appellants' three State law usury claims on two grounds. The court held all three to be barred by the applicable Statute of Limitations provided by CPLR 215 (6). Additionally two of the appellants' causes of action were dismissed because recovery was sought pursuant to General Obligations Law §§ 5-511 and 5-513. The Federal court determined, however, that the appellants were not entitled to a recovery pursuant to these two State laws as they were inapplicable against a national bank such as the respondent. This portion of the court's ruling was not appealed *(see, Durante Bros. & Sons v Flushing Natl. Bank,* 571 F Supp 489, *affd in part, vacated and remanded in part* 755 F 2d 239, *cert denied* 473 US 906 [1985]).

During the pendency of the Federal action, the foreclosure action before the Supreme Court had been stayed. After the conclusion of the Federal court action the respondent moved to vacate the stay and for summary judgment, alleging that the appellants were barred from relitigating their usury claims as they had been fully adjudicated by the Federal court. The Supreme Court found that the appellants' usury claims were res judicata, and this appeal ensued.

Contrary to the appellants' contentions we find that their claims are barred by the doctrine of res judicata. Federal Rules of Civil Procedure, rule 41 (b) expressly provides that unless the Federal court explicitly denominates its dismissal as "without prejudice" it serves as an adjudication on the merits *(see, PRC Harris v Boeing Co.,* 700 F2d 894, *cert denied* 464 US 936). Such a prior Federal court determination is entitled to res judicata effect and will bar relitigation of the same claims arising out of the same series of transactions before a State court *(see, McLearn v Cowen & Co.,* 48 NY2d 696). In the situation at bar, the Federal court did not expressly denominate its determination of the appellants' State law usury claims to be without prejudice and thus this served

as a final determination of those claims, on the merits, barring relitigation in the Supreme Court. We further note that under the doctrine set forth in *Smith v Russell Sage Coll.* (54 NY2d 185), any related claims which could have been raised are deemed precluded.

We have examined the appellants' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.