■ MARILYN MUSHATT, Individually and as Parent and Guardian of QUANDALE MUSHATT, an Infant, Appellant, v TOMPKINS COMMUNITY HOSPITAL et al., Respondents. [644 NYS2d 431] —Casey, J.

In this medical malpractice action, plaintiff seeks to recover damages on behalf of herself and her infant child based upon allegations of negligence in the care and treatment rendered by defendant Tompkins Community Hospital and defendant Frank Flacco prior to and during plaintiff's labor and delivery of her child. After issue was joined, the parties proceeded with discovery, but Flacco died as a result of cancer prior to the date scheduled for his deposition. Claiming that she was deprived of the opportunity to depose Flacco by defense counsel's bad faith in failing to disclose Flacco's illness,

plaintiff sought to preclude any testimony on behalf of Flacco. Supreme Court denied plaintiff's request for relief and also denied plaintiff's subsequent motion to reconsider. Plaintiff appeals from both orders.

Supreme Court did not err in denying plaintiff's request for an order of preclusion, which essentially sought to strike Flacco's answer. There is nothing in the record to demonstrate that defense counsel engaged in a course of conduct to delay Flacco's deposition to gain some type of advantage. The date scheduled for the deposition was less than 10 months after the action was commenced. Although defense counsel should have disclosed the illness, absent from the record is the type of conclusive showing of willful or contumacious conduct or bad faith necessary to justify the extreme and drastic sanction of striking a party's pleading (see, Dauria v City of New York, 127 AD2d 459, 460). We view plaintiff's motion to reconsider as nothing more than a motion to reargue, the denial of which is not appealable (see, Spa Realty Assocs. v Springs Assocs., 213 AD2d 781, 783). We have considered plaintiff's request for sanctions and find no merit in it.

Plaintiff also appeals from an order which granted the hospital's motion to amend its answer to include a Statute of Limitations defense and which dismissed as untimely any claim in the complaint asserted by plaintiff individually. In the absence of any claim of surprise or prejudice to plaintiff, we will not disturb Supreme Court's exercise of discretion in granting the hospital's motion to amend its answer to plead the Statute of Limitations (see, Waldo v Tully's Woodstock Stud, 202 AD2d 945). Inasmuch as the answer of Flacco includes a Statute of Limitations defense, plaintiff clearly cannot claim surprise from the hospital's attempt to plead the same defense. Plaintiff asserts prejudice in that discovery is almost complete, but there is nothing in the record to suggest that the time and effort expended in discovery would not have been necessary in any event to prosecute plaintiff's claim on behalf of her child. Accordingly, there is no basis to disturb Supreme Court's exercise of discretion in permitting the hospital to amend its answer. As the action by plaintiff in her individual capacity is not subject to any of the tolling provisions, it is clearly untimely and, therefore, Supreme Court correctly dismissed the complaint insofar as it seeks damages for plaintiff individually.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered June 23, 1995 is affirmed, without costs. Ordered that the appeal from the order entered

July 6, 1995 is dismissed, without costs. Ordered that the order entered October 11, 1995 is affirmed, without costs.