■ GREGG TOMASELLO et al., Appellants, v CHOICE CARE LONG ISLAND, Respondent. [646 NYS2d 136] —In an action, *inter alia,* for a judgment declaring that the plaintiff Evan Tomasello was entitled to 24-hour-a-day in-home nursing care under a plan for comprehensive health services provided by the defendant, and to recover damages for failure to provide the nursing care, bad faith, and fraud, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 5, 1995, which denied their motion for renewal and reargument of a decision dated April 21, 1995, which, in effect, denied their prior motion for a preliminary injunction and, in effect, dismissed the complaint on the basis that (a) upon remittitur from the United States District Court for the Eastern District of New York, there were no State-law claims independent of the claims which were preempted by the Employee Retirement Income Security Act, and (b) the Supreme Court did not have jurisdiction to hear the plaintiffs' Federal tort claims and declined jurisdiction of the remaining claims because they had been properly removed to the Federal District Court and (2) from an order and judgment (one paper) of the same court, entered September 5, 1995, upon the decision.

Ordered that the appeal insofar as it relates to Evan Tomasello is dismissed; and it is further,

Ordered that the appeal from the order dated June 5, 1995, is dismissed as no appeal lies from an order denying a motion for renewal and reargument of a decision (*see, De Falco v JRS Confectionary,* 118 AD2d 752); and it is further,

Ordered that the order and judgment entered September 5, 1995, is modified by deleting the second decretal paragraph thereof which dismissed the complaint on the basis that the Supreme Court did not have jurisdiction to hear the plaintiffs' Federal tort claims and declined jurisdiction of the remaining claims because they had been properly removed to the Federal District Court; as so modified, the order and judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Since Evan Tomasello died on July 21, 1995, and there has not been a substitution of the proper parties, the appeal insofar as it purports to be on behalf of Evan Tomasello may not proceed (*see,* CPLR 1015, 5016; *see also, Macomber v Cipollina,* 226 AD2d 435; *Brogan v Mary Immaculate Hosp. Div.,* 209 AD2d 663).

Based on the record presented, we find that the United States District Court for the Eastern District of New York, prior to remitting this action back to the New York State Supreme Court, dismissed all six causes of action in the complaint to the extent that they were based on the Employee Retirement Income Security Act (29 USC § 1001 *et seq.*) (hereinafter ERISA). Since the Federal District Court did not indicate that the dismissal was without prejudice, it served as an adjudication on the merits and is entitled to res judicata effect, barring relitigation of the same claims (*see, McLearn v Cowen & Co.,* 48 NY2d 696, 60 NY2d 686; *Flushing Natl. Bank v Durante Bros. & Sons,* 148 AD2d 415). Further, the plaintiffs are collaterally estopped from relitigating the issue of whether the defendant's health care plan is exempted from the strictures of ERISA under the "governmental plan exception" (*see,* 29 USC §§ 1001, 1002 [32]; § 1003 [a], [b]), since they had a full and fair opportunity in the course of several motions before the Federal District Court to contest that court's determination that the defendant's plan did not fall within an exception to ERISA. That issue, which was necessarily decided by the Federal District Court before it could exercise jurisdiction, is dispositive here (*see, Vavolizza v Krieger,* 33 NY2d 351; *People v Trans World Airlines,* 171 AD2d 76). Since the plaintiffs' action clearly relates to the improper processing of claims and the denial of benefits under an employee benefit plan, any New York common-law causes of action are preempted by ERISA (*see, Metropolitan Life Ins. Co. v Taylor,* 481 US 58; *Pilot Life Ins. Co. v Dedeaux,* 481 US 41). Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.