■ NEW YORK STATE HEALTH FACILITIES ASSOCIATION, INC., et al., Appellants, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. [646 NYS2d 412] —White, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered April 12, 1995 in Albany County, which denied plaintiffs' motion for summary judgment and granted defendants' motion to amend their verified answer.

This declaratory judgment action has its origins in the establishment by the State Department of Health (hereinafter DOH) in October 1985 of a new method of Medicaid reimbursement to nursing homes called the "Long Term Care Case Mix Reimbursement System" that became effective on January 1, 1986. After a few months of experience with this system, it became apparent that it was generating artificially high reimbursement rates. Accordingly, DOH promulgated a regulation imposing an across-the-board 3.035% reduction, or "recalibration", in the direct component of the Medicaid reimbursement rate (10 NYCRR 86-2.31 former [a]). The implementation

date for this regulation was July 1, 1987, retroactive to January 1, 1987 (10 NYCRR 86-2.31 former [b]). In October 1987, the New York State Association of Counties (hereinafter NYSAC), on behalf of its member counties that owned or operated nursing homes or residential health facilities, brought a CPLR article 78 proceeding challenging the regulation, which ultimately resulted in a judgment entered in April 1989 declaring the regulation null and void and directing DOH to recompute the Medicaid reimbursement rate without reference or utilization of the recalibration regulation (*see, New York State Assn. of Counties v Axelrod,* Sup Ct, Albany County, Apr. 27, 1989, Cheeseman, J.).

At this point, plaintiff New York State Health Facilities Association, Inc. (hereinafter plaintiff), a not-for-profit corporation having a membership of approximately 230 licensed skilled nursing homes and health-related facilities, advised its membership to file administrative rate appeals to obtain the same relief as that granted to NYSAC's members. After these appeals were denied, plaintiff and two of its members commenced this action on October 19, 1989 challenging the regulation and seeking recalculation of their 1987, 1988 and 1989 reimbursement rates. Pertinent to this appeal, defendants' answer, filed on November 28, 1989, did not include the affirmative defense of the Statute of Limitations. Following our reversal of the NYSAC judgment (*New York State Assn. of Counties v Axelrod,* 156 AD2d 14), the parties agreed to hold this case in abeyance pending the appeal of this Court's decision in the NYSAC case to the Court of Appeals. In June 1991, the Court of Appeals reversed our decision in the NYSAC case and reinstated Supreme Court's judgment (*New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 177). In November 1991, plaintiffs moved for summary judgment but defendants raised the Statute of Limitations as a defense. Plaintiff immediately pointed out to Supreme Court that this defense was not available because defendants did not raise it in a CPLR 3211 motion or include it in their answer.

Paralleling these developments, DOH in December 1991 repealed the recalibration regulation and promulgated a new one that was to be applied to the 1989 through 1991 rate years (10 NYCRR 86-2.31 [a]). Thereafter, defendants submitted an affidavit to Supreme Court contending that this action was moot because DOH intended to recalculate the 1989 through 1991 rates in accordance with the new regulation and would recalculate the 1987 and 1988 rates for all nursing homes that had timely challenged the previous recalibration regulation.

DOH's ability to proceed in this fashion was curtailed by litigation challenging the new regulation, which resulted in a judgment which held that the new regulation could not be retroactively applied to the 1989 through 1991 rate years[1] (*see, Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health*, Sup Ct, Albany County, Mar. 30, 1992, Hughes, J.). Because the parties agreed that the outcome of the appeal in *Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health* (*supra*) could be dispositive of at least some of the issues in this case, they again agreed to have Supreme Court hold plaintiffs' summary judgment motion in abeyance pending the Court of Appeals' decision. That decision, rendered on June 30, 1994, held that the new recalibration regulation could not be retroactively applied (*see, Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health*, 84 NY2d 252, 265). Subsequently, on August 22, 1994, defendants moved to amend their answer to include, *inter alia*, the affirmative defense of the Statute of Limitations. Supreme Court granted the motion and denied plaintiffs' summary judgment motion, prompting this appeal.[2]

It is firmly established that leave to amend a pleading under CPLR 3025 (b) is freely given in the exercise of the trial court's discretion, provided there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit (*see, Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 870). We note that a trial court's exercise of discretion in this area will not lightly be set aside (*see, Ward v City of Schenectady*, 204 AD2d 779, 780-781).

Plaintiffs argue that since defendants were aware of the availability of the Statute of Limitations defense from at least 1991, there is no excuse for their delay in seeking to amend their answer. Mere delay, however, does not warrant a denial of leave to amend unless coupled with significant prejudice (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Omni Group Farms v County of Cayuga*, 199 AD2d 1033, 1034). Prejudice in this context means the loss of a special right, a change in position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment (*see, Ward v City of Schenectady, supra*, at 781).

Plaintiffs have not drawn our attention to any tangible

---

1. Plaintiff and others also challenged the regulation in separate lawsuits.

2. By stipulation dated January 5, 1995, the parties settled all claims relating to the 1989 through 1991 rate years. Thus, the only years at issue on this appeal are the 1987 and 1988 rate years.

adverse consequence they suffered as a result of defendants' delay. Instead, they speculate that, had they not agreed to await the disposition of the *Jewish Home* appeal and pressed ahead with their summary judgment motion, they would have been successful since defendants had not moved to amend their answer to include the Statute of Limitations defense. Aside from being speculative, this does not constitute an adequate showing of prejudice since it shows that plaintiffs' predicament is due to a failed litigation strategy rather than to defendants' delay. Accordingly, in the absence of prejudice to plaintiffs, there is no reason to disturb Supreme Court's exercise of discretion. Consequently, we affirm Supreme Court's order.

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.