■ CONSTELLATION BANK, N. A., Respondent, v BINGHAMTON PLAZA, INC., Appellant, et al., Defendants. [655 NYS2d 664] —White, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 7, 1995 in Broome County, which, *inter alia*, denied a motion by defendant Binghamton Plaza, Inc. for leave to amend its answer.

On this appeal in this mortgage foreclosure action, we are again concerned with the receiver's payments totaling $255,000 to plaintiff, the mortgagee. On a previous appeal involving the receiver's final accounting we held that, although the payments were unauthorized, Supreme Court did not abuse its discretion in allowing them since they inured to the benefit of defendant Binghamton Plaza, Inc. (hereinafter defendant) and were in accord with the general functions of a receiver (*see, Constellation Bank v Binghamton Plaza*, 236 AD2d 698). The issue we now confront is whether Supreme Court abused its discretion in denying defendant's cross motion to amend its answer in this action to include a counterclaim seeking the return of the $255,000.

The underlying facts are that on September 11, 1987, defen-

dant executed a $1.5 million promissory note in plaintiff's favor that was secured by a mortgage covering a shopping center owned by defendant in the City of Binghamton, Broome County. The mortgage provided for the payment of monthly installments of principal and interest with the remaining indebtedness, if any, due on September 11, 1992. In the event of default, the rate of interest increased to 20%. After defendant's default, plaintiff commenced this action in October 1993 and thereafter received the disputed payments from the receiver, which it claims to have applied against the $1.3 million outstanding balance due on the mortgage. In its answer, defendant asserted two counterclaims seeking damages for breach of fiduciary duty and tortious interference with a contract. Ultimately, after the main foreclosure action had been resolved, plaintiff moved to dismiss the counterclaims, prompting the above-mentioned cross motion.*

Leave to amend pleadings is a discretionary matter which is generally favorably exercised in the absence of prejudice or surprise or unless it appears that the proposed amendment plainly lacks merit (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Solondz v Barash*, 225 AD2d 996, 999). Although Supreme Court did not follow the general rule, we agree that it did not abuse its discretion since defendant's proposed counterclaim lacks merit. Under New Jersey law, which the parties agree governs their obligations under the mortgage, it is not illegal to provide for a higher rate of interest than the legal rate after a default; however, if such rate is unconscionably high it will be unenforceable because it amounts to a penalty (*see, Stuchin v Kasirer*, 237 NJ Super 604, 612, 568 A2d 907, 912, *cert denied* 121 NJ 660, 583 A2d 346). Assuming, as defendant contends, that the 20% rate of interest allegedly imposed after its default was a penalty, that does not mandate the return of the $255,000. Instead, where the balance due on the mortgage exceeds the amount paid as a penalty, the appropriate remedy is to credit the penalty against the balance properly due on the mortgage (*see, Spiotta v Wilson, Inc.*, 72 NJ Super 572, 580, 179 A2d 49, 53, *cert denied* 37 NJ 229, 181 A2d 12). Accordingly, since defendant is not seeking this relief which, in any event, has been rendered academic by the resolution of the foreclosure action, its counterclaim is fatally defective.

We have not considered defendant's arguments that the payments by the receiver were proscribed by RPAPL 1325 (2), as

---

* Defendant has not pursued its appeal from that portion of Supreme Court's order dismissing its counterclaims.

that issue was not raised before Supreme Court (*see, Agostino v Monticello Greenhouses*, 166 AD2d 471, 472).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.