■ JOHN H. MCGAULLEY, Respondent, v TELLING, KELTING & POTTER, P. C., Now Known as TELLING & BESAW, P. C., et al., Appellants. [660 NYS2d 92] —Cardona, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered April 5, 1996 in Clinton County, which granted plaintiff's motion for leave to serve an amended reply to defendants' counterclaim.

In December 1994, plaintiff commenced this action against defendants seeking to collect payments allegedly due under a "professional services contract". Defendants responded with an answer containing four counterclaims, one alleging that, during his employment, plaintiff wrongfully billed for services not performed. After serving a reply to the counterclaims, plaintiff moved for summary judgment and to dismiss the counterclaims. Supreme Court dismissed all counterclaims except the one alleging wrongful billing and denied the motion for summary judgment. Plaintiff then sought leave to serve an amended reply to the remaining counterclaim to include the defenses of the Statute of Limitations and waiver. Supreme Court granted leave to serve the amended reply and this appeal by defendants ensued.

We affirm. Initially, we reject defendants' argument that because plaintiff failed to allege a Statute of Limitations defense in his reply to the counterclaim or in his motion for summary judgment, a waiver occurred and no further application could be made in that regard (*see,* CPLR 3211 [a] [5]; [e]). This argument is without merit since plaintiff sought leave to amend his reply pursuant to CPLR 3025 (b), which gives the court discretionary power to permit an amendment to a pleading "at any time by leave of court or by stipulation of all parties" (*see, Seda v New York City Hous. Auth.*, 181 AD2d 469, 470, *lv denied* 80 NY2d 759). Notably, "[i]t has been repeatedly held that defenses waived under CPLR 3211 (e) can nevertheless be interposed, with court leave, in an amended answer, provided the amendment does not cause the [other party] 'prej-

udice or surprise resulting directly from the delay' " (*Armstrong v Peat, Marwick, Mitchell & Co.*, 150 AD2d 189, 190, quoting *Fahey v County of Ontario*, 44 NY2d 934, 935; *see, Edenwald Contr. Co. v City of New York* , 60 NY2d 957, 959; *New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866; *Powe v City of Albany*, 130 AD2d 823; *Aetna Cas. & Sur. Co. v Sheldon*, 124 AD2d 428, 429). Since we find no evidence of prejudice in this record, there is no reason to disturb Supreme Court's exercise of discretion in granting plaintiff's motion.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.