■ SEAMAN CORPORATION, Plaintiff, v BINGHAMTON SAVINGS BANK, Respondent, and IBM ENDICOTT/OWEGO EMPLOYEES FEDERAL CREDIT UNION, Appellant. [663 NYS2d 431] —Casey, J. Appeal from an order of the Supreme Court (Coutant, J.), entered October 4, 1996 in Broome County, which denied a motion by defendant IBM Endicott/Owego Employees Federal Credit Union for leave to amend its answer to assert a new cross claim against defendant Binghamton Savings Bank.

The relevant facts of this case were set forth in a prior appeal to this Court (220 AD2d 62). The principal issue underlying the instant appeal concerns the negotiability of a check issued by defendant IBM Endicott/Owego Employees Federal Credit Union (hereinafter IBM-CU) in the amount of $36,629.80, made payable to plaintiff and Prodec Roofing & Insulation Systems as joint payees for roofing work performed. Only Prodec endorsed the check and presented it to defendant Binghamton Savings Bank (hereinafter BSB) for payment on October 17, 1989. Despite the lack of plaintiff's endorsement, BSB accepted the check, deposited the funds into an account held by Prodec alone and forwarded the check to a Federal Reserve clearinghouse, which credited BSB's account and debited IBM-CU's account. Shortly thereafter, IBM-CU received the check from the clearinghouse and debited its own account.

Plaintiff claims that it was not until February 1991 that it discovered that it had not been paid for the work performed on IBM-CU's premises and its further investigation revealed that the check had been negotiated without its endorsement. Plaintiff's demand upon BSB and IBM-CU for a return of the money was summarily rejected, as was IBM-CU's request that the clearinghouse charge the amount of the check back to BSB. Plaintiff then commenced suit, asserting a cause of action in conversion against IBM-CU and BSB, and also charging IBM-CU with negligence and breach of a "joint check and payment agreement" that existed between IBM-CU, plaintiff and

Prodec. IBM-CU and BSB answered and cross-claimed against each other. After some discovery, plaintiff moved for summary judgment against both defendants and IBM-CU cross-moved for, *inter alia*, summary judgment on its cross claim against BSB. Supreme Court found that none of the parties' claims were appropriate for summary judgment, and Supreme Court's order was affirmed by this Court on appeal (220 AD2d 62, *supra*).

Subsequently, on or about August 5, 1996, IBM-CU served upon plaintiff and BSB an amended answer which added an additional cross claim against BSB for conversion of the check and its proceeds. BSB refused to accept the proposed amendment without a court order, so IBM-CU moved formally for the amendment. Supreme Court denied the motion, finding that the almost four-year delay by IBM-CU before seeking the amendment was prejudicial to BSB and not justified or explained by IBM-CU, and the cross claim for conversion lacked merit. IBM-CU appeals.

"Leave to amend pleadings is a discretionary matter which is generally favorably exercised in the absence of prejudice or surprise or unless it appears that the proposed amendment plainly lacks merit" (*Constellation Bank v Binghamton Plaza*, 237 AD2d 854, 855). We initially find that Supreme Court incorrectly determined that IBM-CU's claim for conversion was without merit. Here, IBM-CU is both a drawer and a drawee bank (220 AD2d 62, 63, *supra*). As a drawee bank, IBM-CU can assert a claim in conversion against BSB as a depository bank, and UCC 4-207 (4) is not a defense against such a claim (*see, Home Ins. Co. v Manufacturers Hanover Trust Co.*, 203 AD2d 125). Inasmuch as conversion is a sustainable claim in this circumstance, IBM-CU should have been permitted to amend its answer so that this matter can be resolved on the merits unless BSB can show prejudice or surprise (*see, Constellation Bank v Binghamton Plaza, supra*, at 855).

Supreme Court's finding of prejudice was based strictly on IBM-CU's four-year delay in seeking the amendment. Delay alone, however, does not warrant a denial of a motion for leave to amend unless such delay is coupled with substantial prejudice to the nonmoving party (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866). In the context of a motion to amend, prejudice means the "loss of a special right, a change in position, or significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment" (*New York State Health Facilities Assn. v Axel-*

*rod, supra,* at 866; *see, Smith v Industrial Leasing Corp.,* 124 AD2d 413, 414).

BSB appears to claim that its successful defeat of IBM-CU's cross motion for summary judgment will be adversely affected by the proposed amendment, resulting in prejudice to its position. Other than its claim in that regard, however, BSB fails to show how that is so. We view the two issues as unrelated and, therefore, independent of each other. We have considered BSB's other claims of prejudice, including the additional expense, and find none meritorious. Only one, however, requires additional comment.

At oral argument on the motions for summary judgment, BSB admitted that it did not act in a reasonably commercial manner in accepting the check from Prodec. BSB now claims that by doing so it conceded its only defense to a claim of conversion in that, under UCC 3-419 (3), BSB would not be liable for conversion if it acted in good faith and in accordance with the reasonable commercial standards applicable to it. We find, however, that this particular issue has not been determined by BSB's admission. This statement was made during oral argument of unrelated motions and did not establish the issue raised therein; nor was BSB's position changed by such statement. Rather, the issue remains for trial resolution. Having found no significant prejudice to BSB, we reverse Supreme Court's order and permit the requested amendment to IBM-CU's answer.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and motion granted.