■ ENDICOTT JOHNSON CORPORATION, Appellant, v KONIK INDUSTRIES, INC., et al., Defendants, and GARFIELD CORPORATION, Respondent. [671 NYS2d 557] —Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 16, 1996 in Chemung County, which, *inter alia*, granted defendant Garfield Corporation's motion for leave to serve an amended answer asserting the Statute of Limitations as a defense and, upon such amendment, dismissed the complaint against it as untimely.

This action (and several other actions brought by or against plaintiff) arises out of a January 13, 1990 fire that broke out in plaintiff's retail store in Arnot Mall in the Town of Big Flats, Chemung County. Here, the claim of liability against defendant Garfield Corporation (hereinafter defendant), the general contractor for construction of the portion of the mall premises occupied by plaintiff, is based upon its failure to have the sprinkler system in plaintiff's store connected to a water supply. Plaintiff commenced this action in December 1992. Defendant served an answer and amended answer in 1993 and then, in October 1995, moved to amend its answer to assert the affirmative defense of the Statute of Limitations and to dismiss the action as untimely. Supreme Court granted defendant's motions and dismissed the complaint. Plaintiff appeals.

We affirm. It is settled law that defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay (*see, McGaulley v Telling, Kelting & Potter*, 241 AD2d 669; *Armstrong v Peat, Marwick, Mitchell & Co.*, 150 AD2d 189, 190). Notably, unless coupled with significant prejudice to plaintiff, even inordinate delay is not a barrier to amendment (*see, Seaman Corp. v Binghamton Sav. Bank*, 243 AD2d 1027, 1028; *Seda v New York*

*City Hous. Auth.*, 181 AD2d 469, 470, *lv denied* 80 NY2d 759). In view of the multiplicity of actions and the fact that plaintiff was prosecuting essentially the same claim of liability against other parties (*see, Mushatt v Tompkins Community Hosp.*, 228 AD2d 925, 926; *compare, Cseh v New York City Tr. Auth.*, 240 AD2d 270), we are not persuaded that plaintiff incurred " 'significant trouble or expense that could have been avoided had the original pleading contained the proposed amendment' " (*Seaman Corp. v Binghamton Sav. Bank, supra*, at 1028, quoting *New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866).

As a final matter, the six-year Statute of Limitations applicable to actions arising out of defective construction having commenced when plaintiff's store was completed in October 1980 (*see, City School Dist. v Stubbins & Assocs.*, 85 NY2d 535, 538), Supreme Court properly concluded that the complaint against defendant was time barred and dismissed it on that basis. In rejecting plaintiff's argument that the store was never completed, we need merely note that plaintiff operated its business in the store for nearly 10 years before the fire and the final "punch list" was completed during October 1981.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.