(June 18, 1998)

■ SUSAN NEALY, Individually and as Administratrix of the Estate of GLENN NEALY, Deceased, Respondent, v US HEALTH-CARE HMO et al., Defendants, and RALPH YUNG, Appellant. [674 NYS2d 332] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered May 19, 1997, which denied defendant Yung's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

Plaintiff alleges that her decedent husband died of cardiac arrest during delay in the processing of application for proper medical care and treatment. Her wrongful death action was removed to Federal court in 1993, where it was dismissed against the institutional defendants (including defendant Dr. Bernstein, acting in an administrative capacity) because of statutory preemption under the Employee Retirement Income Security Act ([ERISA] 29 USC § 1144) (844 F Supp 966). The claim of medical malpractice, along with related claims of breach of contract and breach of fiduciary duty, survives against defendant Dr. Yung, who did not participate in the motion to dismiss the Federal action, but who now bases his summary judgment motion in part on the principle of preemption. In denying Dr. Yung's motion to dismiss, the motion court described the causes of action against him as " 'run of the mill' " State law claims that ERISA was not intended to preempt.

Our disagreement is based on the fact that Dr. Yung's involvement in this matter was purely administrative, as a facilitator, rather than as an actual provider of medical care. As such, he is protected against this law suit by the statutory preemption, notwithstanding his failure to participate in the motion to dismiss the Federal claim. This is especially so with regard to the claims for breach of contract and breach of fiduciary duty.

The record evinces not a failure by Dr. Yung to diagnose or to recognize medically a need for referral to a heart specialist, but rather a failure to understand the need urgently to pursue and plumb the depths of US Healthcare's referral process. All

of Dr. Yung's alleged malpractice lies in his actions in relation to the decedent's US Healthcare benefits. Given the fact that Congress specifically preempted under ERISA the common-law remedies sought herein, recognition of such claims under State law would simply undermine the Federal scheme (*Pilot Life Ins. Co. v Dedeaux*, 481 US 41), which is founded on a nationally uniform administration of employee-benefit plans (*see, Tufino v New York Hotel & Motel Trades Council*, 223 AD2d 245).

Since the standard for medical malpractice is "deviation or departure from accepted practice" (*Amsler v Verrilli*, 119 AD2d 786), a trial court would necessarily have to focus on US Healthcare's administrative procedures in processing claims and denying benefits—precisely the area preempted from suit under ERISA (*see, Tomasello v Choice Care Long Is.*, 229 AD2d 527, 528).

Because of the threshold preemption, we need not reach the substance of plaintiff's malpractice claim. Were we to reach that issue, we would grant summary judgment nonetheless. The record reveals that Dr. Yung strongly encouraged the decedent to seek expert medical help immediately, regardless of the uncertainty of insurance coverage. In the face of such evidence, plaintiff failed to meet her burden of demonstrating that the alleged deviation from professional standards was the proximate cause of the decedent's demise (*Koeppel v Park*, 228 AD2d 288, 289; *see also, Margolese v Uribe*, 238 AD2d 164). Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.