■ Spa Realty Associates, Appellant, v Springs Associates et al., Defendants, and Stephen Di Mauro, Respondent. [682 NYS2d 309] —Spain, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 24, 1997 in Saratoga County, which, *inter alia*, granted defendant Stephen Di Mauro's motion for summary judgment dismissing the complaint against him.

Plaintiff commenced this action in 1988 seeking equitable and monetary relief arising out of an illegally constructed sewer system. Plaintiff alleged that defendant Springs Associates and its partners (hereinafter collectively referred to as Springs Associates) trespassed upon plaintiff's property when it constructed the sewer system. Springs Associates owned 14 acres of land (hereinafter the Springs property) adjacent to plaintiff's land. The sewer system was associated with the construction of housing units upon the Springs property. Plaintiff included defendant City of Saratoga Springs as a defendant alleging, *inter alia*, that the City continued to illegally issue certificates of occupancy to completed buildings on the Springs property even after it had notice of the unlawful nature of the sewer connection. Plaintiff also named defendant Stephen Di Mauro (hereinafter defendant) in the complaint since he was the predecessor in interest to the Springs property and

had retained ownership of a one-acre parcel of land adjacent thereto. Even though no affirmative relief was sought against defendant in the complaint, he was joined as a defendant to enable plaintiff to obtain complete relief with respect to the unlawful benefit that defendant allegedly had received in relation to the housing units located on his property, which benefit was created by the unlawful trespass of Springs Associates (i.e., defendant's use of the illegal sewer system).

In June 1997, following years of discovery and motion practice, defendant moved for summary judgment claiming that the complaint against him should be dismissed for failure to state a cause of action. Plaintiff opposed the motion and cross-moved for leave to amend its complaint. Plaintiff alleged that at the time the action was brought it was not aware of any facts that linked defendant to the conspiracy among the other defendants, but that during the course of discovery facts had surfaced which led plaintiff to believe that defendant may have participated in the conspiracy to construct the illegal sewer system upon plaintiff's land. Supreme Court granted defendant's motion and denied plaintiff's cross motion, finding that no evidence offered by plaintiff demonstrated any connection between defendant's sale of the Springs property to Springs Associates and the alleged substantive tort of trespass. Plaintiff appeals.

We affirm. Initially, it is well settled that leave to amend pleadings is a discretionary matter which is generally favorably exercised in the absence of prejudice or unfair surprise or unless it appears that the proposed amendment plainly lacks merit (*see, Seaman Corp. v Binghamton Sav. Bank*, 243 AD2d 1027, 1028). It is also well settled that under New York law there is no substantive tort of conspiracy (*see, Guglielmo v Unanue*, 244 AD2d 718, 721-722) and that allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort (*see, Alexander & Alexander v Fritzen*, 68 NY2d 968, 969).

The relevant facts listed by plaintiff as possibly implicating defendant in the alleged conspiracy include the fact that two of the partners of Springs Associates and defendant were friends; that the land purchase contract between Springs Associates and defendant included a provision that Springs Associates was to build four additional housing units for defendant on the adjacent acre he retained; that an undisclosed side agreement existed between defendant and Springs Associates to have them connect all of the proposed housing units and preexisting housing units on defendant's land to the sewer system that

they were planning to build across plaintiff's land; and that defendant knew that the Springs property contained no easement or ownership rights of any kind over plaintiff's land. In our view, plaintiff's assertions contain either unsubstantiated or conclusory allegations which, without more, do not support defendant's participation in a conspiracy. Therefore, Supreme Court properly denied plaintiff's motion to amend the complaint based upon the finding that plaintiff's claim of conspiracy lacked merit (*see, New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864).

Additionally, since plaintiff has failed to bring forth any evidence to demonstrate any connection between defendant's sale of the Springs property to Springs Associates and the claimed substantive tort of trespass, summary judgment was properly granted as no issue of fact exists concerning whether defendant was involved in a conspiracy to commit the tort of trespass (*see, Alexander & Alexander v Fritzen, supra*, at 969; *Foresite Props. v Halsdorf*, 172 AD2d 929, 930). Plaintiff's argument that Supreme Court failed to look at its supporting affidavits when deciding the summary judgment motion is without merit, as the court's decision reflects that such a review did occur.

Finally, we reject plaintiff's contention that the prior rulings of Supreme Court, which found that the claims against the other defendants for conspiracy and trespass were viable, established the law of the case that should have precluded the court from deciding as it did. The record reveals that the prior Supreme Court decisions in this matter were decided without any participation by defendant. Specifically, Supreme Court never ruled upon the issue of whether sufficient evidence existed to maintain the conspiracy allegations against defendant, as no substantive claims for relief were sought against defendant in the original complaint. Accordingly, the law of the case does not apply.

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.