■ HAROLD BERGER, Appellant, v WATER COMMISSIONERS OF THE TOWN OF WATERFORD, Respondent. [744 NYS2d 562] —Cardona, P.J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 5, 2001 in Saratoga County, which denied plaintiff's motion to amend the complaint.

Plaintiff was employed by defendant from 1977 until his retirement in 1999. Plaintiff contends that during most of his tenure, including that period of time during which he was planning his retirement, defendant had a policy of providing retirees and their surviving spouses with full employer-paid health insurance coverage. One month before the effective date of plaintiff's retirement, he was advised that defendant had changed its policy with respect to future retirees and would be reducing its contribution to plaintiff's postretirement health insurance. Plaintiff commenced this action alleging, inter alia, that defendant breached an implied promise to provide full employer-paid health insurance.

Subsequently, in the course of discovery, plaintiff located a letter, dated March 18, 1977, which he characterizes, together with his acceptance of its terms through his conduct, as creating an express contract entitling him to the fringe benefit he seeks. Thereafter, plaintiff moved for leave to amend the complaint to add a claim for breach of an express contract and to include a request for punitive damages. Supreme Court denied the motion, prompting this appeal.

In general, leave to amend a complaint rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit (*see,* CPLR 3025 [b]; *Spa Realty Assoc. v Springs Assoc.,* 256 AD2d 1001, 1002; *Seaman Corp. v Binghamton Sav. Bank,* 243 AD2d 1027, 1028). Here, the record supports Supreme Court's finding that defendant would not be prejudiced by the proposed amendment. We do not agree, however, with the court's determination that plaintiff's argument concerning the alleged existence of an express contract is so patently meritless as to warrant denial of his motion to amend the complaint (*see, e.g., Gilinsky v Sarbro Realty Corp.,* 138 AD2d 823, 824). Accordingly, we find that the motion should have been granted to the extent of permitting the amendment to set forth a claim for

breach of an express contract. With respect to plaintiff's proposed request for punitive damages, under the circumstances herein, we find no reason to disturb Supreme Court's denial of that portion of plaintiff's motion to amend the complaint.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to amend the complaint to add a cause of action for breach of an express contract; motion granted to that extent; and, as so modified, affirmed.