In an action to foreclose a mortgage, the defendants Michael Dimura and Jacqueline Dimura appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Ecker, J.), dated March 15, 2012, as granted that branch of the plaintiff’s motion which was pursuant to CPLR 3025 (b) for leave to amend its reply to their counterclaims to add an affirmative defense based on the statute of limitations.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Leave to amend a pleading should be freely given (see CPLR 3025 [b]), provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit” (Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424, 426 [2009]; see Gitlin v Chirinkin, 60 AD3d 901, 901-902 [2009]). “A determination whether to *797 grant such leave is within the Supreme Court’s broad discretion, and the exercise of that discretion will not be lightly disturbed” (Gitlin v Chirinkin, 60 AD3d at 902; see Ingrami v Rovner, 45 AD3d 806, 808 [2007]). “Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side” (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983] [internal quotation marks omitted]; see U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724 [2011]; Public Adm’r of Kings County v Hossain Constr. Corp., 27 AD3d 714, 716 [2006]).
The plaintiff waived its statute of limitations defense by failing to assert it as an affirmative defense in its initial reply to the appellants’ counterclaims (see CPLR 3211 [e]). However, defenses waived under CPLR 3211 (e) can nevertheless be interposed by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay (see U.S. Bank, N.A. v Sharif, 89 AD3d at 724; Sayers v Albicocco, 298 AD2d 572, 573 [2002]; McGaulley v Telling, Kelting & Potter, 241 AD2d 669, 669-670 [1997]). Since the proposed amendment did not result in any prejudice or surprise to the defendants and was not palpably insufficient or patently devoid of merit, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs motion which was pursuant to CPLR 3025 (b) for leave to amend its reply to the defendants’ counterclaims to add an affirmative defense based on the statute of limitations. Rivera, J.R, Angiolillo, Chambers and Roman, JJ., concur.