Johnson v McKay (2022 NY Slip Op 05359)

Johnson v McKay

2022 NY Slip Op 05359

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

530188
[*1]Johnathan Johnson, Appellant,
v
Jeff McKay et al., Respondents.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Johnathan Johnson, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Robert G. Main Jr., J.), entered September 26, 2019 in Franklin County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
In 2013, plaintiff, an incarcerated individual, commenced an action in Supreme Court, asserting 42 USC § 1983 claims alleging that, during the time period of 2010 to 2013, defendants violated his right to access the courts under the US Constitution. Defendants removed the action to federal court (see 28 USC §§ 1441 [a]; 1446). Ultimately, in May 2017, the U.S. District Court for the Northern District of New York dismissed the action due to plaintiff's failure to comply with the directives of a prior anti-filing injunction order entered against him in 2012 that requires him to obtain leave of the court for permission prior to initiating "any pro se action
. . . or filing a document of any kind with the court."[FN1]
In September 2017, plaintiff commenced another action in Supreme Court, alleging the same allegations as in his 2013 action. Defendants served an answer that did not assert the statute of limitations as an affirmative defense (see CPLR 3211 [e]). In April 2019, defendants moved to both amend their answer to include a statute of limitations defense and for summary judgment dismissing the complaint based upon, among other things, the statute of limitations defense, and plaintiff opposed. Supreme Court granted defendants' motion to amend the complaint, and granted the motion for summary judgment dismissing the complaint. Plaintiff appeals.
We affirm. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in granting defendants leave to amend their answer to assert a statute of limitations defense. "[D]efenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay" (Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744 [3d Dept 1998]; see U.S. Bank N.A. v Laino, 172 AD3d 947, 947 [2d Dept 2019])."Delay alone is not sufficient to deny a motion to amend unless accompanied by significant prejudice" (Architectural Bldrs. v Pollard, 267 AD2d 704, 705 [3d Dept 1999] [citation omitted]). Finding no evidence of prejudice in the record, we will not disturb Supreme Court's exercise of its discretion in granting that part of defendants' motion seeking to amend their answer to assert a statute of limitations defense (see Cahill v Lat, 39 AD3d 1013, 1014 [3d Dept 2007]; McGaulley v Telling, Kelting & Potter, P.C., 241 AD2d 669, 670 [3d Dept 1997]).
As to Supreme Court's granting of defendants' summary judgment motion based upon their statute of limitations defense, plaintiff's 42 USC § 1983 access-to-court claims are governed by a three-year statute of limitations (see CPLR 214 [5]; McFadden v Amodio, 149 AD3d 1282, 1283 [3d Dept 2017[*2]]). Plaintiff does not contest that his 2017 action, based upon occurrences taking place from 2010 to 2013, was initiated beyond the statute of limitations. Rather, plaintiff relies on the saving provisions of CPLR 205 (a). The statute provides that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
Plaintiff argues that District Court's dismissal of his timely 2013 complaint for failure to comply with the directives of its prior anti-filing injunction order entered against him did not constitute a final judgment on the merits and, inasmuch as his 2017 complaint was commenced within six months of the dismissal of the 2013 complaint, the 2017 action may proceed. We disagree. Pursuant to Federal Rules of Civil Procedure rule 41 (b), as relevant here, plaintiff's failure to comply with a court order is grounds for dismissal of the action and, "[u]nless the dismissal order says otherwise, a dismissal . . . operates as an adjudication on the merits." In dismissing plaintiff's 2013 complaint for violating its anti-filing injunction order, District Court did not dismiss the complaint without prejudice or provide any indication that the determination was not an adjudication on the merits (compare Arty v New York City Health and Hosps. Corp., 148 AD3d 407, 409 [1st Dept 2017]; Gesegnet v Hyman, 285 AD2d 719, 721 [3d Dept 2001]). Accordingly, the determination served as a final determination of the 2013 complaint on the merits, barring plaintiff from bringing the 2017 action based upon the same alleged occurrences (see CPLR 205 [a]; Flushing Natl. Bank v Durante Bros. & Sons, 148 AD2d 415, 416-417 [2d Dept 1989], lv dismissed 74 NY2d 841 [1989]). As such, plaintiff's action is untimely and Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Plaintiff's remaining contentions are either academic in light of our decision or have been considered and found to be without merit.
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Federal courts may impose anti-filing injunctions restricting future access to the judicial system on litigants who have demonstrated "a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints" (Matter of Sassower, 20 F3d 42, 44 [2d Cir 1994]; see 28 USC § 1651 [a]; Hong Mai Sa v Doe, 406 F3d 155, 158 [2d Cir 2005]).