■ WILLIAM E. J. CONNOR, Respondent, v MURIEL SIEBERT, as Superintendent of the New York State Banking Department, Appellant. HARVEY D. YOUNG, Respondent, v MURIEL SIEBERT, as Superintendent of the New York State Banking Department, Appellant. — Appeals from orders and judgments of the Supreme Court at Special Term (Pitt, J.), entered September 30, 1980 in Columbia County, which granted plaintiffs' motions for summary judgment declaring the provisions of section 246 (subd 1, par [c], cl [ii]) of the Banking Law unconstitutional and enjoining defendant from enforcing its provisions. Plaintiffs were both trustees of the Hudson City Savings Institution and approaching the age of 75 when they commenced separate actions seeking,

*inter alia,* a declaration that section 246 (subd 1, par [c], cl [ii]) of the Banking Law is unconstitutional. The statute in question mandates the retirement of all savings bank trustees upon their reaching 75 years of age if so provided by bank by-law.[*] Since plaintiffs' actions raised essentially identical issues and had similar factual backgrounds, Special Term treated them as one. In its decision, the court declared the challenged statute to be unconstitutional upon finding that it discriminated against those over 75 years old and had no substantial and rational relation to a legitimate and compelling State interest. Defendant was accordingly enjoined from enforcing the invalidated provision, and the present appeals ensued. We hold that the orders and judgments of Special Term must be reversed. In so ruling we find it most significant that the Hudson City Savings Institution has adopted a by-law establishing 75 as the mandatory retirement age for its trustees, and yet it has not been made a party to these actions. Additionally, plaintiffs state in their brief that they do not challenge the subject by-law, and there is nothing in the record which indicates that the by-law will be repealed if the statute in question here is declared unconstitutional. Under these circumstances, no justiciable controversy exists upon which we can properly rule because, even if we should sustain the invalidation of the statute, no benefit will accrue to plaintiffs, who will still be required to retire as trustees under the by-law. Accordingly, a hypothetical adjudication of the constitutionality of the statute should be avoided by the dismissal of the complaints in both actions (see *New York State Assn. of Ins. Agents v Schenck,* 44 AD2d 757). We reach no other issue. Orders and judgments reversed, on the law, without costs, and complaints dismissed. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

---

[*] If a savings bank does not adopt a by-law prescribing a mandatory retirement age, trustees must retire upon reaching the age of 70 (Banking Law, § 246, subd 1, par [d]).