BARBARA MARTIN, Appellant, v COUNTY OF MADISON et al., Respondents.

Third Department, July 22, 1982

APPEARANCES OF COUNSEL

*Carroll, Carroll & Butz* (*John Benjamin Carroll* of counsel), for appellant.

*Robert F. McDermott, County Attorney,* for County of Madison, respondent.

*Philip Stillman* for Capital District Regional Off-Track Betting Corporation, respondent.

**OPINION OF THE COURT**

WEISS, J.

Madison County Local Law No. 3 for 1981 was adopted by the county board of supervisors on August 11, 1981, pursuant to subdivision 2-a of section 172 of the Pari-Mutuel Revenue Law (L 1940, ch 254, § 172, as added by L 1973, ch 346, § 5, as amd), as enabling legislation to permit the county to become a member of the Capital District

Regional Off-Track Betting Corporation. Subdivision 11 of section 171 of said law (as added by L 1973, ch 346, § 5, as amd) provides that such legislation shall be subject to a permissive referendum pursuant to the Municipal Home Rule Law. Section 24 (subd 1, par a) of this law requires that if a petition signed by at least 10% of the total number of voters who cast votes in the last gubernatorial election in the local governmental district is filed within 45 days of the adoption of the local law requesting a referendum, the proposition shall be submitted to the voters at the next general election held not later than 60 days after the filing of the petition. Alternatively, if the petition requests, and the legislative body adopts a local law submitting the proposition at a special election, such special election shall be held not less than 60 days after the adoption of the local law providing for such special election. Plaintiff alleges that she and other qualified voters commenced securing signatures on a petition requesting that the proposition be submitted to the voters at the general election to be held November 3, 1981. However, on August 27, 1981, prior to the expiration of the 45-day period set forth in section 24 (subd 1, par a) of the Municipal Home Rule Law, the Madison County Board of Supervisors passed Resolution No. 199 for 1981 which placed Local Law No. 3 on the ballot for the next general election to be held November 3, 1981, whereupon plaintiff discontinued solicitation for petition signatures. On October 5, 1981, a CPLR article 78 proceeding was commenced by one Robert McAllister, a Madison County resident, to set aside Resolution No. 199 on the ground that no qualified petition pursuant to section 24 of the Municipal Home Rule Law had been presented to the clerk of the county legislature within the statutory 45-day period, as a result of which Local Law No. 3 automatically became effective on September 25, 1981, and on the further ground that the resolution calling for a referendum was in violation of sections 23 and 24 of the Municipal Home Rule Law in that the resolution was passed prior to the receipt of a petition.* By order dated October 19, 1981,

---

* The McAllister proceeding sought the same relief against both Madison and Franklin Counties. Plaintiff in the instant action seeks relief only against Madison County.

Special Term annulled and set aside Resolution No. 199 adopted by the Madison County Board of Supervisors and further prohibited the county board of elections from placing the proposition on the ballot at the general election to be held November 3, 1981.

On November 12, 1981, plaintiff commenced this action seeking a judgment declaring that Local Law No. 3 did not validly become effective, and that if valid, the county possesses power to amend, supersede or repeal it. Judgment enjoining enforcement of the law was also requested. Following service of an answer, each defendant moved by order to show cause, pursuant to CPLR 3212, for summary judgment dismissing the complaint. Plaintiff cross-moved pursuant to CPLR 2215 for summary judgment or, in the alternative, for leave to amend the complaint. Special Term granted defendants' motions and denied plaintiff's cross motion on the ground plaintiff failed to set forth a justiciable controversy. Plaintiff has appealed.

Central to plaintiff's arguments is the allegation that the passing of Resolution No. 199 somehow induced her to discontinue her drive to secure petition signatures and that the subsequent court invalidation of the resolution deprived her of her right to seek a referendum by petition. Nowhere has plaintiff presented evidentiary facts to demonstrate that she was in any manner prevented from continuing to circulate the petition. Her discontinuance of that activity was totally voluntary, albeit based upon the mistaken belief that Resolution No. 199 was valid. Nor has she offered evidentiary proof that any of the defendants believed the enactment of the resolution was anything other than a valid legislative act. The complaint and plaintiff's opposing affidavits do not demonstrate evidentiary facts that defendants committed any improper acts or failed to otherwise act properly, thereby interfering with her rights either under section 24 of the Municipal Home Rule Law or the New York State Constitution. Accordingly, Special Term correctly granted defendants' motions. In order to state a cause of action, plaintiff had to establish that her rights either under the Constitution or statute had been violated by defendants' actions (*Alvord & Swift v*

*Muller Constr. Co.,* 46 NY2d 276, 281). While a complaint will not be rendered insufficient if it sets forth facts upon which a valid cause of action may be founded (*Foley v D'Agostino,* 21 AD2d 60, 69), unless the facts pleaded do state a cause of action, it must be dismissed (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341, 343). The burden of opposition to a dismissal motion is not met by repetition or incorporation by reference of allegations contained in pleadings (*Indig v Finkelstein,* 23 NY2d 728, 729; see *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 343, *supra*). Local Law No. 3 was not shown to have been adopted in violation of plaintiff's statutory or constitutional rights (see *County of Sullivan v Filippo,* 64 Misc 2d 533, 556). This court has held that hypothetical adjudications are to be avoided and that a justiciable controversy must appear to exist from the pleadings (*Connor v Siebert,* 83 AD2d 698). Summary judgment dismissing the complaint was therefore properly granted.

In her reply brief, plaintiff contends that Local Law No. 3 and Resolution No. 199 were intended to be coupled together and that the invalidation of the resolution necessarily voided Local Law No. 3. This doctrine of partial invalidity is inapplicable here. The two legislative acts are not so intertwined that the enforcement of enabling legislation, without the permissive referendum provided in the resolution, would achieve a result not contemplated by the Legislature (*Rathbone v Wirth,* 150 NY 459, 478-479). Only in such event would the invalidity of one statute require the companion statute be invalidated (*Hauser v North Br. & Mercantile Ins. Co.,* 152 App Div 91, 95-96, affd 206 NY 455). Clearly, the board acted to have Madison County join the Off-Track Betting Corporation. The invalidation of the resolution for a referendum did not affect the enabling local law. Local Law No. 3 is not so related to the referendum that it can be supposed that the board of supervisors would not have passed it without Resolution No. 199 (see *People ex rel. Alpha Portland Cement Co. v Knapp,* 230 NY 48, 60).

The privilege of serving an amended pleading rests not only upon formal corrections in the defective pleading, but also upon an evidentiary showing that the cause of action

can be supported (*Levine Corp. v Gimbel Accessories,* 41 AD2d 637, 638). In fulfillment of this requirement, plaintiff was required to furnish the court with a proposed new complaint and affidavits indicating facts to support the amended cause of action (*Souveran Fabrics Corp. v Virginia Fibre Corp.,* 37 AD2d 925, 926). Plaintiff having failed to fulfill both of these requirements, leave to replead was properly denied.

The order should be affirmed, without costs.

SWEENEY, J. P., KANE, CASEY and LEVINE, JJ., concur.

Order affirmed, without costs.