■ KATHY L. SMITH, Appellant, v INDUSTRIAL LEASING CORPORATION, Defendant, and GARDEN WAY MANUFACTURING COMPANY, INC., et al., Respondents. (And a Third-Party Action.)—Yesawich, Jr., J.

This is a personal injury action stemming from a fall plaintiff suffered September 5, 1980. At the time she was employed by a third-party defendant Service Systems Corporation and was working in a cafeteria located in a building leased by defendant Industrial Leasing Corporation to defen-

dants Garden Way Manufacturing Company, Inc. and Garden Way, Inc. (hereinafter Garden Way). Service Systems was operating the cafeteria pursuant to a written agreement entered into with Garden Way.

On September 15, 1985, some four months after filing a note of issue, plaintiff sought to amend her complaint, which charged Garden Way with failing to provide a safe place to work in violation of Labor Law § 200, to assert a second cause of action against Garden Way based on the theory of respondeat superior. The proposed amendment alleges that under the terms of the agreement between Garden Way and Service Systems, which came into plaintiff's counsel's hands in March 1985 as a result of a motion for summary judgment successfully made by Industrial Leasing Corporation, Service Systems was Garden Way's agent and hence Garden Way was responsible for the slippery condition of the cafeteria floor where plaintiff fell. Special Term denied the motion on the grounds of laches and undue prejudice. This appeal followed.

Absent prejudice or surprise which is a direct product of the delay, motions to amend pleadings are to be freely granted (CPLR 3025 [b]). In the context of motions of this kind, "prejudice" and "surprise" mean: "[the loss of] 'some special right * * * some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add' " (Pegno Constr. Corp. v City of New York, 95 AD2d 655, 656, quoting Siegel, NY Prac § 237, at 289).

Though the trial is not imminent, Garden Way maintains serious prejudice will befall it if the amendment is allowed in that further discovery attributable to the proposed amendment will be necessary. Without more, that circumstance does not justify denial of the motion (see, Perkins v New York State Elec. & Gas Corp., 91 AD2d 1121), particularly so here, where plaintiff has not only agreed to forego further discovery on her part but has offered to bear the expense of further depositions occasioned by the amendment, thereby removing any significant prejudice to Garden Way and Service Systems (see, Campbell v La Forgia Oil Co., 81 AD2d 824). That the proposed amendment merely adds another theory of law based essentially upon facts formerly pleaded also militates in favor of granting the motion (Stuart v Board of Directors of Police Benevolent Assn., 86 AD2d 721, appeal dismissed 56 NY2d 807).

And since the ultimate test is whether Garden Way will be

unduly prejudiced, a condition which has not been established, the fact that the motion comes after plaintiff filed her note of issue does not of necessity call for its denial *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044; *Perkins v New York State Elec. & Gas Corp., supra,* p 1122).

Order reversed, on the law and the facts, with costs, motion granted and defendants Garden Way Manufacturing Company, Inc. and Garden Way, Inc. are authorized to conduct such additional discovery as is reasonably necessary to defend the newly added cause of action only. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.