■ DAVID HARDING et al., Respondents, v SAL FILANCIA et al., Appellants.—In an action for a judgment, *inter alia,* directing the defendants to remove certain drains, pipes and

structures encroaching on the plaintiffs' property, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 29, 1987, which granted the plaintiffs' motion to amend their complaint, *inter alia,* so as to amend the ad damnum clause to seek damages.

Ordered that the order is affirmed, with costs.

In October 1981 the plaintiffs commenced suit, contending that their property had been damaged due to flooding caused by the defendants' installation and use of certain drain pipes which allegedly permitted water from the defendants' soil to run off and drain onto the plaintiffs' property. In their complaint, the plaintiffs sought judgment, *inter alia,* directing the defendants to remove the pipes in question. In 1981, however, the defendants sold their adjoining property and house to the State of New York. After the sale of the house in 1981, and from January 1983 through November 1986, the parties engaged in settlement negotiations regarding the defendants' removal of the drain pipes. In 1987, after the negotiations had broken down, the defendants' counsel was granted permission to withdraw as counsel inasmuch as he had been retained for settlement purposes only. Thereafter, the defendants retained new counsel who, according to the plaintiffs, asserted for the first time in 1987 that the defendants could not be legally compelled to remove the drain pipes—the relief sought in the complaint—since they were no longer the owners of the premises. Thereafter, the plaintiffs' counsel moved for leave to amend the complaint by adding a demand for damages. The Supreme Court granted the plaintiffs' motion for leave to amend. We affirm.

It is well settled that leave to amend pleadings shall be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice or surprise directly results from the delay in seeking such amendment *(see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Burack v Burack,* 122 AD2d 101, 102-103; *Barnes v County of Nassau,* 108 AD2d 50, 52). Mere lateness is not a barrier to the amendment; it must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine *(see, Burack v Burack, supra).*

The defendants have not established that they will suffer significant prejudice in the event the plaintiffs are permitted to amend their complaint to interpose a claim for damages or that the proposed amendment is palpably improper. Further, the defendants' suggestion that the plaintiffs have failed to

establish the merits of their claim for damages is belied by the record. Annexed to the plaintiffs' moving papers is the transcript of defendant Sal Filancia's examination before trial in which he conceded that he had connected into a drain pipe which discharged water onto the plaintiffs' property. The record further reveals that the defendants were aware that the plaintiffs applied for, and received, a Federal disaster loan in order to finance repair of the water damage they sustained.

Nor, under the circumstances, can the passage of time be considered a dispositive factor militating against the granting of leave to amend. The record reveals that as late as November of 1986—over four years after they sold their property—the defendants were still engaged in settlement discussions with the plaintiffs regarding the claims interposed in the original complaint. At no point prior to their retention of substitute counsel had the defendants argued that their sale of the property foreclosed the plaintiffs from obtaining the relief originally sought in the complaint.

Furthermore, while the amended pleading interposes an additional claim for relief in the form of monetary damages, the underlying factual transactions and occurrences on which liability is premised have not been altered and thus have been known to the defendants since the inception of the lawsuit (see, Mi Suk Buley v Beacon Tex-Print, 118 AD2d 630, 632; see also, Smith v Industrial Leasing Corp., 124 AD2d 413, 414). Finally, the defendants' speculative contention that there can no longer be meaningful discovery concerning the existence and extent of the plaintiffs' damages due to the passage of time provides no basis upon which to set aside the court's exercise of discretion in granting the plaintiffs' motion (cf., Smith v Industrial Leasing Corp., supra).

We have reviewed the defendants' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.