■ RAUL SEDA et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.—Order of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered July 24, 1990, which denied defendant-appellant's motion for leave to amend its answer to include the defense of the Statute of Limitations and to dismiss the complaint as time-barred, reversed, on the law, the motion granted and the complaint dismissed, without costs.

Although defendant New York City Housing Authority

(NYCHA) waited more than three years to raise the defense of Statute of Limitations, leave to amend pleadings is to be freely given absent prejudice or surprise resulting directly from the delay *(Fahey v County of Ontario,* 44 NY2d 934, 935). Plaintiff admits that there has been a dearth of discovery to date. The absence of substantial progress in this matter during the preceding three years indicates that NYCHA's lateness in amending its answer has not prejudiced plaintiff in any significant way.

Supreme Court erroneously relied on *Addesso v Shemtob* (70 NY2d 689), which concerns a defense waived by the failure to raise it in a pre-answer motion to dismiss (CPLR 3211 [e]). Unlike *Addesso,* defendant herein made no pre-answer motion, and its answer therefore remains subject to amendment. The court retains discretion to grant leave to assert the defense of Statute of Limitations in an amended answer, absent prejudice or surprise to the plaintiff (CPLR 3018 [b]; *Fahey v County of Ontario, supra).*

Three years is an inordinate amount of time in which to amend an answer. However, mere lateness by NYCHA is not a barrier to amendment. Lateness must be coupled with significant prejudice to plaintiff (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 356). Although plaintiff has demonstrated lateness, in the absence of meaningful discovery plaintiff has demonstrated no prejudice, and leave to amend the answer should have been granted. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Nardelli, J.