◼ WILLIAMSBURG FOOD SPECIALTIES, INC., Appellant-Respondent, v KERMAN PROTECTION SYSTEMS, INC., Respondent-Appellant. [613 NYS2d 30] —In a subrogation action, (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), entered September 28, 1992, as granted the branch of the defendant's motion which was for partial summary judgment reducing the damages demanded by the complaint to $250, and (2) the defendant cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint in its entirety.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was for partial summary judgment reducing the damages demanded by the complaint to $250 is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties had a contractual arrangement in effect at the time of the incident in question whereby the defendant leased

alarm equipment and provided central alarm service to the plaintiff. The instant subrogation action arose after the plaintiff's premises were robbed and the defendant allegedly failed to timely respond to the alarm. The Supreme Court granted the defendant's motion for summary judgment to the extent of limiting the defendant's liability to the amount stated as liquidated damages in the parties' contract. Both parties appeal from this order.

Based upon the exculpatory provisions in the parties' contract, the defendant moved for summary judgment dismissing the complaint. However, it is well established that "a party may not insulate itself from damages caused by grossly negligent conduct * * * This applies equally to contract clauses purporting to exonerate a party from liability and clauses limiting damages to a nominal sum" (Sommer v Federal Signal Corp., 79 NY2d 540, 554). There is a triable issue of fact here as to whether the defendant's delay in responding to the alarm signal was so great as to constitute gross negligence. Accordingly, the defendant is not entitled to summary judgment. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.