■ AMICA MUTUAL INSURANCE COMPANY, as Subrogee of JORGE P. CONSTANTINO et al., Appellant, v HART ALARM SYSTEMS, INC., et al., Respondents. [629 NYS2d 874] —Spain, J. Appeal from an order of the Supreme Court (Kahn, J.), entered March 2, 1994 in Albany County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

In March 1986 Jorge P. Constantino and Alicia Constantino contracted for the installation and monitoring of an alarm system to detect, *inter alia*, a drop in the internal temperature at their residence located in the City of Albany. Defendant Hart Alarm Systems, Inc. installed the system. Defendant Amcest Corporation, according to a service agreement, was responsible for monitoring the alarm and insuring that the appropriate individuals or entities were contacted upon receipt of a signal from the alarm system.

In December 1987, prior to leaving on an extended vacation, Alicia Constantino advised Hart that Berkshire Heating should be added to the calling list provided to Amcest; Hart promptly and properly notified Amcest of the addition to the calling list. On January 3, 1988, while the Constantinos were still vacationing, the alarm was triggered by a low temperature signal from the Constantinos' residence. Although Amcest initially denied receipt of the low temperature signal, it is now undisputed that Amcest received the signal; however, no one was dispatched to the property and the water pipes in the residence froze and burst, causing substantial property damage.

Plaintiff commenced this subrogation action on behalf of its insureds to recover property damages, costs and disbursements expended as a result of the alleged negligence on the part of defendants. After joinder of issue, wherein each defendant asserted cross claims against the other, Amcest moved for summary judgment granting dismissal of plaintiff's claim and Hart's cross claim; Hart cross-moved for summary judgment granting dismissal of plaintiff's claim and Amcest's cross claims. Thereafter, Amcest acknowledged receipt of the low temperature signal which prompted plaintiff to cross-move for leave to serve an amended complaint asserting a cause of ac-

tion sounding in gross negligence against Amcest. Plaintiff did not attach a copy of the proposed amended pleading to the cross motion; however, three months thereafter, plaintiff's counsel forwarded a copy of the amended pleading to Supreme Court. Supreme Court, determining that plaintiff's cross motion was procedurally defective, denied plaintiff's application to serve an amended complaint and further determined that plaintiff's claim sounding in negligence could not withstand the standard exculpatory clause contained in plaintiff's agreement with Amcest. Supreme Court granted Amcest's motion and Hart's cross motion. Plaintiff appeals and challenges only that portion of the order that dismissed the action against Amcest and which denied plaintiff's application to serve an amended pleading against Amcest.

Supreme Court's granting of Amcest's motion for summary judgment on the cause of action alleging negligence was proper. The exculpatory clause in Amcest's service agreement is enforceable against any cause of action sounding in negligence (*see, Federal Ins. Co. v Automatic Burglar Alarm Corp.*, 208 AD2d 495); however, the same clause standing alone will not defeat a cause of action sounding in gross negligence (*see, Williamsburg Food Specialties v Kerman Protection Sys.*, 204 AD2d 718).

"It is well settled that leave to amend pleadings shall be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice or surprise directly results from the delay in seeking such amendment * * *. Mere lateness is not a barrier to the amendment; it must be lateness coupled with significant prejudice to the other side" (*Harding v Filancia*, 144 AD2d 538, 539 [citations omitted]; *see*, CPLR 3025 [b]; *see also, Smith v Industrial Leasing Corp.*, 124 AD2d 413). In the case at bar Amcest withheld pertinent information necessary for the prosecution of a cause of action sounding in gross negligence. Plaintiff was not aware at the time of the commencement of the instant action that Amcest had received the low temperature signal, a fact that Amcest initially disputed (*compare, Wise v Greenwald*, 194 AD2d 850). Plaintiff's affidavit in support of its motion for leave to amend its complaint clearly establishes that the proposed amendment has merit (*cf., Anderson Props. v Sawhill Tublar Div., Cyclops Corp.*, 149 AD2d 950, 951; *Martin v County of Madison*, 88 AD2d 162, 165-166, *appeal dismissed* 59 NY2d 967). The lateness of plaintiff's proposed amended pleading caused no prejudice to Amcest. Accordingly, in light of the circumstances of this case, we reverse that portion of the order

which denied plaintiff's cross motion for leave to serve an amended complaint.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as denied plaintiff's cross motion; said cross motion granted; and, as so modified, affirmed.