■ CHARLES CSEH et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and ROOSEVELT HOSPITAL, Respondent. [658 NYS2d 618] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about March 19, 1996, which, upon deeming defendant-respondent's motion to dismiss as one to amend its answer, granted said motion, and dismissed plaintiffs' wrongful death claim against defendant-respondent as barred by the Statute of Limitations, unanimously reversed, on the law and the facts, without costs, the motion denied and the wrongful death claim is reinstated.

On March 17, 1983, plaintiffs' decedent, 19-year-old Kenneth Cseh, was riding between subway cars when he fell onto the tracks, resulting in the severing of one leg, and the partial severing of another. He was brought to defendant Roosevelt Hospital, where the codefendant physicians attempted to reattach his leg. However, he died as a result of his injuries on April 15, 1983.

The plaintiffs initiated the action against the defendants on April 12, 1985, but due to a filing error, the action was not commenced until the defendant hospital received the summons on April 16, 1985, one day after the Statute of Limitations had expired. Nonetheless, the hospital never filed a pre-answer motion to dismiss the wrongful death claim as time-barred, nor

did it include the defense of the Statute of Limitations in its answer, served in January 1986. During the next 10 years, the parties engaged in discovery proceedings, with the plaintiffs producing documents and participating in several depositions. In July 1995, the plaintiffs filed a note of issue and the action was placed on the trial calendar.

On August 14, 1995, the hospital moved to dismiss the wrongful death claim as time-barred. No excuse for the 10-year delay in asserting the Statute of Limitations defense was offered. The IAS Court treated the motion as one to amend the answer to include the defense of the Statute of Limitations, and then dismissed the wrongful death claim on that ground. It found that plaintiffs were not prejudiced by the amendment since they had not identified any documents or deposition testimony, relating solely to the wrongful death claim, which they had been required to produce. According to the court, production of such evidence would have been required in any event because the plaintiffs had asserted wrongful death claims against the codefendant doctors. Lastly, the court stated that since plaintiffs had notice of the codefendants' Statute of Limitations defenses, they should have moved to strike those defenses, and cannot claim prejudice by the hospital's belated amendment.

Leave to amend pleadings is to be freely given absent prejudice or surprise directly resulting from the delay (CPLR 3025 [b]; *see, Fahey v County of Ontario*, 44 NY2d 934, 935; *Seda v New York City Hous. Auth.*, 181 AD2d 469, 470, *lv denied* 80 NY2d 759; *Armstrong v Peat, Marwick, Mitchell & Co.*, 150 AD2d 189, 190). Further, this Court has held that the late assertion of a Statute of Limitations defense, by itself, is no barrier to amendment; "[l]ateness must be coupled with significant prejudice to plaintiff" (*Seda v New York City Hous. Auth.*, supra, at 470).

Contrary to the finding of the IAS Court however, we believe plaintiffs suffered significant prejudice from the hospital's failure to assert the Statute of Limitations defense over a 10-year period. Relying on the hospital's apparent waiver of this defense, plaintiffs participated in lengthy discovery proceedings that included 10 depositions and produced substantial evidence relevant to the wrongful death claim, such as an accounting report assessing the economic loss resulting from the decedent's death, the decedent's tax returns, funeral bills, high school records and insurance records (*see, Cameron v 1199 Hous. Corp.*, 208 AD2d 454, 454-455). Although plaintiffs would have expended similar efforts to prosecute their wrongful death

claims against the codefendant doctors, it cannot be disputed that plaintiffs' task of establishing the hospital's liability significantly broadened the scope of those efforts. Further, since the doctors' assertion of the Statute of Limitations in their answer may have resulted in the dismissal of the wrongful death claim against them, plaintiffs' only hope for recovery on that claim would have been against the hospital based on the theory of respondeat superior. Plaintiffs would be severely prejudiced if, after 10 years, this avenue of recovery was suddenly obliterated.

Moreover, we have previously held that where the amendment is sought after a long delay, and a statement of readiness has been filed, judicial discretion in allowing the amendment should be " 'discreet, circumspect, prudent and cautious' " (*Symphonic Elec. Corp. v Audio Devices*, 24 AD2d 746, quoting *Price v Brody*, 7 AD2d 204, 206). In permitting the hospital to amend its answer after 10 years, without offering any excuse for the delay, we believe the court improvidently exercise its discretion. Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.