OPINION OF THE COURT
F. Dana Winslow, J.
Motion by defendant, Chesebro-Whitman Co., a Division of Patent Scaffolding Co., Harsco Corp. (C-W Co.), for leave to amend its answer to assert a Statute of Limitations defense as to plaintiffs’ warranty claim, and for summary judgment dismissing the complaint and all cross claims as against it, is determined as follows:
Cross motion by defendant, Allied Building Products Corp. (Allied), for: (1) leave to amend its answer to assert a Statute of Limitations defense with respect to plaintiffs’ warranty cause of action; (2) summary judgment dismissing the complaint as against it; and (3) summary judgment against C-W Co. under the legal theory of common-law indemnification, is determined as follows:
This is an action to recover damages for personal injuries allegedly sustained by plaintiff, Raymond Coleman, on May 10, 1993. In the complaint, plaintiffs advance three causes of action: negligence, breach of warranty and strict products liability. Specifically, plaintiffs allege that Raymond was caused to fall from a fiberglass extension ladder manufactured by C-W Co. and that the subject ladder was defective in that “the tongue was missing from both of the subject ladder’s locks” (bill of particulars 27). The bill of particulars further provides that the ladder was purchased in or about 1985 from defendant Allied Building Products.
The within action was commenced on or about February 28, 1994 by filing of the summons and complaint. Issue was joined on behalf of C-W Co. by service of its verified answer on or about April 25, 1994. Examinations before trial were completed on or about June 2, 1995. By order dated September 14, 1995, counsel for all parties certified that all discovery and pretrial motions were complete. On or about February 6, 1996, plaintiffs filed a note of issue and certificate of readiness.
By notice of motion dated February 21, 1996, C-W Co. moved to amend its answer to assert a Statute of Limitations defense *562 and for summary judgment dismissing the complaint. This motion was subsequently withdrawn by C-W Co.
C-W Co. now seeks to resubmit its motion to amend and for summary judgment. In a similar vein, Allied seeks leave to amend its answer and for summary judgment.
In support of the branches of the motion and cross motion which seek leave to amend their answer to interpose a Statute of Limitations defense, defendants contend that “the appropriateness of the statute of limitations defense was not apparent on the face of plaintiffs complaint, and only became evident during the course of discovery” (see, Gasser affirmation 1118).
In general, leave to amend pleadings is to be freely granted .absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; see, Fahey v County of Ontario, 44 NY2d 934, 935). The issue of whether to allow an amendment is extended almost entirely to the court’s discretion and should be decided on a sui generis basis (Murray v City of New York, 43 NY2d 400, 405).
Further, late assertion of a Statute of Limitations defense is not, by itself, a barrier to amendment: “[l]ateness must be coupled with significant prejudice to plaintiff’ (Seda v New York City Hous. Auth., 181 AD2d 469, 470, lv denied 80 NY2d 759). Moreover, where the application for leave to amend is sought after a long delay and the case has been certified as ready for trial, “judicial discretion in allowing such amendments should be discrete, circumspect, prudent and cautious” (Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552; Cseh v New York City Tr. Auth., 240 AD2d 270).
As stated previously, the examinations before trial in this action were completed June 1995, and the note of issue and certificate of readiness were filed in February 1996. Hence, this application was made almost two years after the filing of the note of issue, and the proposed amendment was based upon factual circumstances known at the time discovery was completed; however, the court notes that the prior motion for leave to amend the answer to assert this Statute of Limitations defense was made shortly after the filing of the note of issue.
The defendants’ motion for leave to amend their answer to assert a defense based on the Statute of Limitations is granted.
However, under the circumstances, this court finds that plaintiffs have been prejudiced, to some degree, by the *563 defendants’ delay in the instant motion, by relying upon the defendants’ apparent waiver of this defense and have engaged in discovery, and have otherwise spent time and expense in preparation for trial. Notwithstanding this, however, such prejudice can and is relieved by granting costs of such prosecution to the plaintiffs (see, CPLR 3025). Accordingly, the plaintiffs are hereby granted the costs of prosecuting this action from the defendants, jointly and severally, and the parties are hereby directed to appear for a hearing to determine such of the plaintiffs’ costs of prosecuting the instant action from September 8, 1994, when the defendants knew or should have known of the availability of this defense, to the date of this order.
Numerous cases have been decided which have held, under substantially similar facts, that a trial court’s denial of a motion for leave to amend an answer to include the Statute of Limitations as a defense was not error (see, Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552, supra; Cameron v 1199 Hous. Corp., 208 AD2d 454; Fulford v Baker Perkins, 100 AD2d 861) and that such an exercise of discretion was not improvident. Additionally, the First Department has held that a trial court had improvidently exercised its discretion in allowing such an amendment after a 10-year delay for which no excuse was given (see, Cseh v New York City Tr. Auth., 240 AD2d 270, supra). In the instant matter this court is presented with a much shorter delay and finds that any prejudice suffered by the plaintiffs may be removed by the imposition of costs of prosecuting this action, under the instant circumstances where the plaintiffs, as based on the facts and unrebutted proof submitted upon the instant motions, did not possess a valid and timely claim. Since the plaintiffs cannot claim any surprise concerning such defense (see, Seda v New York City Hous. Auth., supra) by virtue of the defendants’ earlier assertion thereof, and since the imposition of the reasonable costs of prosecution removes any prejudice to the plaintiffs, the court finds that the amendment is warranted.
The court now turns to so much of the defendants’ motions as seek summary judgment. A procedural question exists as to the timeliness of this motion and cross motion, as the amended CPLR 3212 (a), effective January 1, 1997, provides that a motion for summary judgment “shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown”.
While there has been some division in the trial courts as to the retroactive or prospective application of this statute, *564 recently the Appellate Division, First Department, in Phoenix Garden Rest. v Chu (245 AD2d 164), held that the better view was reflected in DeJesus v New York City Tr. Auth. (173 Misc 2d 918); Tananbaum v Huntington Hosp. (NYLJ, June 2, 1997, at 34, col 3 [Sup Ct, Suffolk County]); and Moreno v Pilevsky (NYLJ, July 29, 1997, at 22, col 1 [Sup Ct, NY County]). The Appellate Division in Phoenix Garden Rest. v Chu (supra) held that in all actions in which the note of issue was filed prior to January 1, 1997, the 120-day period runs from the statute’s effective date. This application eliminates the “long-resented practice, by many lawyers, of seeking to delay trials by filing last minute motions for summary judgment, while still preventing the inequitable results of retroactively applying the statute” (supra, at 165). In addition, the parties are not prejudiced since the statute “applies to all parties equally and allows the court to waive the requirements for good cause”. (Citibank v Olson, NYLJ, June 18, 1997, at 32, cols 3, 5 [Sup Ct, Richmond County]; Phoenix Garden Rest. v Chu, supra.)
In this action, the note of issue was filed on February 6, 1996, prior to the statute’s effective date. Hence, this case was pending on the date of the statutory amendment and the 120-day period began to run from January 1, 1997. (Phoenix Garden Rest. v Chu, supra.) C-W Co. and the defendants Allied, therefore, had until April 30, 1997 to file their motions for summary judgment. (See, DeJesus v New York City Tr. Auth., supra, at 921.) C-W Co., however, served its motion on May 27, 1997 with a July 9, 1997 original return date. In a similar vein, Allied served its motion on June 17, 1997.
The fact that C-W Co. had made a prior motion for summary judgment which was apparently withdrawn is inconsequential as it was made prior to the amended statute’s effective date and procedural matters are governed by the law in force at the time they are made (McKinney’s Cons Laws of NY, Book 1, Statutes § 55, at 117-118).
The 120-day period from January 1, 1997 had expired and the motion and cross motion were not timely; however, to deny a summary disposition at this time, while allowing an amendment to assert a defense of the Statute of Limitations, works a greater hardship on the plaintiffs than would a solution. which grants the motions to dismiss and provides for a hearing to determine the plaintiffs’ costs herein. This determination is made in light of the facts presented which establish that the plaintiffs’ claims were not timely asserted and that the period of limitations thereon had run well before the com *565 mencement of the instant action. Accordingly, the defendants’ motions for summary judgment are granted, and the complaint is dismissed.