■ SELECTIVE INSURANCE COMPANY, Formerly Known as EXCHANGE INSURANCE COMPANY, as Subrogee of BBD ENTERPRISES, INC., et al., Respondent, v NORTHEAST FIRE PROTECTION SYSTEMS, INC., Appellant. [752 NYS2d 145] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered February 27, 2002 in Saratoga County, which granted plaintiff's cross motion for leave to serve an amended complaint.

In November 1988, defendant installed a sprinkler system in a building insured by plaintiff in the Town of Tannersville, Greene County. Defendant subsequently inspected the sprinkler system on June 16, 1992. A fire damaged the premises on April 2, 1996. In May 1998, plaintiff filed a complaint alleging causes of action premised upon negligence and breach of contract. Although the complaint and bill of particulars asserted that defendant conducted subsequent inspections of the sprinkler system, neither specifically alleged the June 1992 inspection as a basis for liability. Following disclosure, defendant moved for summary judgment dismissing the complaint as barred by the statute of limitations. Plaintiff cross-moved for leave to amend the complaint to add a breach of contract cause of action arising from the June 16, 1992 inspection. While Supreme Court granted defendant's motion for summary judgment dismissing the complaint, it also granted plaintiff's cross motion to the extent of permitting service of an amended complaint limited to the purported 1992 breach of contract. Defendant appeals from that portion of the order which granted plaintiff leave to serve an amended complaint.

"In general, leave to amend a complaint rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (*Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [citations omitted]; *see* CPLR 3025 [b]). Defendant argues that plaintiff's cross motion should not have been granted in light of the length of plaintiff's delay in seeking the amendment. The complaint was filed in May 1998 and the motion to amend was filed in January 2002. Delay alone, however,

is not a sufficient ground upon which to deny a motion to amend unless accompanied by prejudice (*see F & K Supply v Willowbrook Dev. Co.*, 288 AD2d 713, 716). The complaint and bill of particulars alluded to inspections and defendant's president was questioned at an examination before trial specifically about the June 1992 inspection. Under such circumstances, we are not persuaded that defendant has established prejudice caused by the delay.

Defendant further argues that the papers submitted by plaintiff in its cross motion were not sufficient to support the relief requested. Plaintiff, however, specifically incorporated into its cross motion the papers submitted by defendant, which included, inter alia, the June 1992 inspection report and the testimony of defendant's president. Such evidence provided a sufficient basis for Supreme Court, in the exercise of its discretion, to permit service of the proposed amended complaint.

Nor are we persuaded by defendant's contention that the allegations in the amended complaint are devoid of merit. The amended complaint alleges that defendant breached its 1992 contract by, inter alia, failing to inspect the entire premises and failing to discover and report a purported inadequacy in the sprinkler system. Such allegations are not " 'palpably improper or insufficient as a matter of law' " (*Amica Mut. Ins. Co. v Hart Alarm Sys.*, 218 AD2d 835, 836, quoting *Harding v Filancia*, 144 AD2d 538, 539).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.