■ Guy J. Jacobson, Individually and on Behalf of 99-105 Third Avenue Realty, LLC, Appellant, v Steven Croman et al., Respondents, et al., Nominal Defendant. [969 NYS2d 20]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 6, 2012, which denied plaintiff's motion for

leave to serve a third amended complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted.

The primary reason the IAS court denied plaintiff's motion was that he had failed to vacate his note of issue. However, the fact that a motion to amend is made after a note of issue "does not of necessity call for its denial" (*Smith v Industrial Leasing Corp.*, 124 AD2d 413, 415 [3d Dept 1986]).

To be sure, "where the amendment is sought after a long delay, and a statement of readiness has been filed, judicial discretion in allowing the amendment should be discreet, circumspect, prudent and cautious" (*Cseh v New York City Tr. Auth.*, 240 AD2d 270, 272 [1st Dept 1997] [internal quotation marks omitted]). However, the delay in *Cseh*—more than 10 years (*id.* at 270-271)—was far longer than in the case at bar.

Another reason the IAS court denied plaintiff's motion was the passage of time. However, "[m]ere lateness is not a barrier to . . . amendment. It must be lateness coupled with significant prejudice to the other side" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983] [internal quotation marks omitted]). "The kind of prejudice required to defeat an amendment . . . must . . . be a showing of prejudice traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added. There must be some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add" (*A. J. Pegno Constr. Corp. v City of New York*, 95 AD2d 655, 656 [1st Dept 1983] [internal quotation marks omitted]; *see also e.g. Valdes v Marbrose Realty*, 289 AD2d 28, 29 [1st Dept 2001]). Defendants failed to show such prejudice.

For example, defendants contend that they are prejudiced because they tailored their extensive preparations during a year-long mediation to the claims that plaintiff had asserted in his second amended complaint. However, plaintiff submitted evidence that the mediation did not require extensive preparation. In any event, "[p]rejudice does not occur simply because a defendant . . . has to expend additional time preparing its case" (*Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 654 [1st Dept 2009]).

Defendants also contend that they will be prejudiced because they will be forced to conduct further discovery. However, "the need for additional discovery does not constitute prejudice sufficient to justify denial of an amendment" (*id.*; *see also e.g. Smith*, 124 AD2d at 414). According to plaintiff—and not denied

by defendants—the new claim that he seeks to add in the third amended complaint is based on facts and documents within defendants' knowledge and possession. In any event, if defendants need discovery, they can obtain it (*see e.g. Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]; *Adams v Hilton Hotels*, 4 AD3d 232, 232-233 [1st Dept 2004]).

Finally, the motion court apparently believed that plaintiff's proposed cause of action for distributions lacked merit because nominal defendant 99-105 Third Avenue Realty, LLC's liabilities exceeded its assets, and the operating agreement for nominal defendant said that no distributions could be made unless its assets exceeded its liabilities. However, the only support for the proposition that nominal defendant's liabilities exceeded its assets was an affidavit from defendant Steven Croman and an unaudited balance sheet for nominal defendant, which showed numerous intercompany loans. Under the circumstances, plaintiff is not bound by these documents; he should be permitted to probe the facts. Unlike *Bishop v Maurer* (83 AD3d 483, 485 [1st Dept 2011]), this is not a case where "the proposed amendment is palpably insufficient to state a cause of action or is patently devoid of merit" (internal quotation marks omitted). Concur—Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.