| **Gallagher v Crotty** |
|:---:|
| 2024 NY Slip Op 30514(U) |
| February 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651498/2015 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**      PART      58

*Justice*

-------------------------------------------------------------------------------X

KEVIN P. GALLAGHER,

            Plaintiff,

            - v -

JOHN CROTTY, JOHN WARREN, JOHN FITZGERALD

            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651498/2015 |
| MOTION DATE | 10/13/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 342, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393

were read on this motion to/for           AMEND CAPTION/PLEADINGS      .

In this commercial partnership dispute, plaintiff moves for leave to file and serve a second amended and supplemental complaint.

## I.     BACKGROUND

Plaintiff alleges that defendants' misconduct deprived him of profits, information, participation, and opportunities arising out of their partnership, Work Force Housing Advisors (WFHA) (NYSCEF 330). Defendants dispute that WFHA ever existed (NYSCEF 346).

By decision and order dated August 3, 2017, another justice of this court granted plaintiff's motion for partial summary judgment seeking an accounting and denied defendants' cross-motion for summary judgment (NYSCEF 95). Plaintiff later moved to amend the complaint to add claims for attorney fees and expand his breach of contract claim, which was granted on October 28, 2020, with the First Amended and Supplemental Complaint becoming the operative pleading (NYSCEF 193).

**651498/2015 GALLAGHER, KEVIN P. vs. CROTTY, JOHN**
**Motion No. 007**

**Page 1 of 4**

[* 1]

In March 2022, plaintiff moved for partial summary judgment on his breach of contract claim, alleging that defendants impermissibly amended certain operating agreements, and shortly thereafter, he served a subpoena on non-party J Cubed Residential LLC (J Cubed), a company alleged to be owned and operated by defendants (NYSCEF 204, 230). Defendants cross-moved for summary judgment and to quash the subpoena (NYSCEF 231, 233).

In March 2023 while these motions were *sub judice*, plaintiff alleges that an accounting review of "records for WFHA's various entities" was conducted (NYSCEF 330).

By decision and order dated May 2, 2023, this court granted plaintiff's motion for partial summary judgment on his breach of contract claim, and denied defendants' cross-motion for summary judgment and to quash the subpoena (NYSCEF 318, 319).

Plaintiff now seeks leave to serve and file a Second Amended and Supplemental Complaint to add J Cubed and MHR Management, Inc. (MHR) as defendants, and to add claims and allegations based on the March 2023 forensic accounting review and discovery exchanged in this case (NYSCEF 330, 338). A note of issue has not yet been filed.

## II.    ANALYSIS

Pursuant to CPLR 3025(b) "[a] party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties." Absent surprise or prejudice, leave to amend or supplement a pleading should be freely granted where the proposed amendment is not palpably insufficient or devoid of merit (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]; *see also Miller v Cohen*, 93 AD3d 424, 425 [1st Dept 2012] ["movant need not establish the merit of the proposed new allegations, but must simply show that the proffered amendment is not

**651498/2015   GALLAGHER, KEVIN P. vs. CROTTY, JOHN**
**Motion No.  007**

**Page 2 of 4**

palpably insufficient or clearly devoid of merit"] [internal citations and quotation marks omitted]).

"A party opposing leave to amend must overcome a heavy presumption of validity in favor of [permitting amendment]. Prejudice to warrant denial of leave to amend requires some indication that the defendant[s] ha[ve] been hindered in the preparation of [their] case or [have] been prevented from taking some measure in support of [their] position" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012] [internal citations and quotation marks omitted]).

In support of his motion, plaintiff argues that the proposed amendments pertain to the results of the March 2023 forensic accounting review, which revealed that defendants are improperly utilizing interest-free loans from entities in which plaintiff has an interest as funding mechanisms for various companies and investments, including J Cubed and MHR. The new allegations also update or clarify existing allegations based on facts gleaned from discovery.

In opposition, defendants contend that plaintiff's claims related to the interest-free loans are contrived, baseless, and belied by documentary evidence. Other claims related to WFHA are either time-barred or meritless, they allege, and, moreover, the amendments are unfairly prejudicial because discovery is complete and the "new" information has been available for years.

Here, plaintiff's proposed claims state a viable cause of action. While defendants challenge plaintiff's analysis and description of the results of the accounting review, they have not shown them to be meritless. In any event, whether or not plaintiff will ultimately be able to prevail on the claims is not dispositive here (*see Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363, 366 [1st Dept 2007] ["the court should examine, but need not decide, the merits of the proposed new pleading unless it is patently insufficient on its face. Once a prima facie basis

**651498/2015   GALLAGHER, KEVIN P. vs. CROTTY, JOHN**
  **Motion No.  007**

**Page 3 of 4**

for the amendment has been established, that should end the inquiry, even in the face of a rebuttal that might provide the ground for a subsequent motion for summary judgment"]).

Furthermore, certain claims are not time-barred as they were raised in the earlier complaints, and the court already rejected defendants' arguments as to WFHA in prior decisions (*see JPMorgan Chase Bank, N.A. v Low Cost Bearings NY Inc.*, 107 AD3d 643, 644 [1st Dept 2013] ["[t]he sufficiency of plaintiff's proposed amendments was implicitly recognized by the court in denying the defendant-owner's motion for summary judgment dismissing the complaint"]).

Defendants' contention that discovery has ended is disputed by plaintiff, and a note of issue has not been filed yet. In any event, "the need for additional discovery does not constitute prejudice sufficient to justify denial of an amendment" (*Jacobson v Croman*, 107 AD3d 644, 645 [1st Dept 2013] [internal citation omitted]).

Accordingly, it is hereby

ORDERED, that plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; it is further

ORDERED, that defendants shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED, that the parties appear for a status conference on March 26, 2024 at 10 am.

| **2/15/2024** | | | | | **DAVID B. COHEN, J.S.C.** | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651498/2015  GALLAGHER, KEVIN P. vs. CROTTY, JOHN**
**Motion No.  007**

**Page 4 of 4**

[* 4]