Alicea v Winstar Serv. Inc. (2025 NY Slip Op 01058)

Alicea v Winstar Serv. Inc.

2025 NY Slip Op 01058

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Ind No. 154687/2019|Appeal No. 3769|Case No. 2023-06740|

[*1]John Alicea, et al., Plaintiffs-Respondents,
v
Winstar Service Inc., et al., Defendants-Respondents.

Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Gardy & Notis, LLP, New York (Orin Kurtz of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 16, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motions for leave to amend the complaint and for partial summary judgment on plaintiffs' claim under Labor Law § 191(1), unanimously affirmed, without costs.
Given defendants' late production of requested documents after the close of discovery, plaintiffs' limited post-note of issue delay, and the lack of any prejudice to defendants, the court properly granted leave to amend the complaint (CPLR 3025[b]; see Chen v 111 Mott LLC, 200 AD3d 594, 595 [1st Dept 2021], lv dismissed 38 NY3d 1168 [2022]; Jacobson v Croman, 107 AD3d 644, 645 [1st Dept 2013]; see also Kim v White & Case LLP, 216 AD3d 408, 408 [1st Dept 2023]).
The court providently entertained plaintiffs' successive motions for summary judgment (see Elihu v Nicoleau, 173 AD3d 578 [1st Dept 2019]). The motion was filed with the court's permission after the court denied, on procedural grounds, a previous motion for summary judgment made on the basis of new evidence, which implicated then unpleaded causes of actions under Labor Law §§ 191(1) and 195(1).
The court properly granted plaintiffs' summary judgment motion. Defendants failed to raise an issue of fact in opposition to plaintiffs' prima facie showing that defendants failed to pay them as nonexempt manual workers on a weekly basis under Labor Law § 191(1). Defendants did not submit any evidence countering plaintiffs' evidence that one plaintiff was primarily a delivery driver despite performing some managerial tasks, and that the other was a warehouse worker (see Labor Law § 190[4]; see e.g. Kirby v Carlo's Bakery 42nd & 8th LLC, 212 AD3d 441, 442 [1st Dept 2023]). Defendants, as employers, were in possession of the relevant documents and had knowledge of the underlying facts related to their employees and pay protocols.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025