Idi v Sela (2025 NY Slip Op 01890)

Idi v Sela

2025 NY Slip Op 01890

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 651527/22|Appeal No. 4016|Case No. 2024-03758|

[*1]Eli Idi, Plaintiff-Appellant,
v
Gal Sela, Defendant-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel), for appellant.
Olnowich Law PLLC, Syosset (Heath B. Olnowich of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 14, 2024, which denied plaintiff's motion for summary judgment on all causes of action and dismissing the affirmative defenses and counterclaims, and granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously modified, defendant's motion for summary judgment denied and the complaint reinstated, with the exception of the fourth cause of action for fraud, and otherwise affirmed, with costs.
The parties were equal owners in two entities, including 1961 7th Avenue, Inc. (1961 Inc.), which acquired a property that it sold in February 2011. Following the February 2011 sale, the parties had a dispute over distribution of proceeds of the sale, and plaintiff allegedly made repeated requests for access to the books and records of their companies. The parties did not speak for the next four years, until the Internal Revenue Service (IRS) contacted plaintiff about an audit of 1961 Inc., which prompted plaintiff to call defendant. In February 2016, the parties agreed to submit their disputes concerning the operation and sale of the property to arbitration before two lawyers. Both parties submitted statements of claim in June 2016. No applicable arbitral rules required the parties to file answers or responses to the statements of claims, which were deemed denied. During discovery, in July and October 2016, defendant objected to document requests to the extent they "seek[] information relating to claims for which the applicable statute of limitations has expired" and "without waiver" of his objections.
In 2022, the parties moved their dispute to the New York State courts pursuant to a stipulation in which they agreed that the complaint and answer in the action would be "limited in scope" by the arbitration agreement, the statements of claim, and any prior rulings of the arbitrators. Further, "the claims and counterclaims interposed shall be deemed filed as of the date they were filed in the arbitration," except to the extent they exceed the scope of the claims asserted in the arbitration. Plaintiff filed a complaint asserting claims for an equitable accounting, breach of fiduciary duty, unjust enrichment, fraud (based on misrepresentations concerning use of construction loan proceeds), and constructive trust. Defendant answered, asserting affirmative defenses, including that the claims were barred by the statute of limitations, and counterclaims related to plaintiff's position that he was not required to pay a proportionate share of tax liability. After completion of discovery, the parties moved for summary judgment; defendant argued that plaintiff's claims were barred by the applicable three-year statute of limitations.
Despite the parties' 2016 agreement to arbitrate their dispute, if defendant truly believed plaintiff's claims were time-barred, and before actually participating in the arbitration, he should have made an application [*2]to the court to determine the threshold statute of limitations issue within 20 days of the commencement of the arbitration (CPLR 7503[b], [c]). Defendant never made such an application.
Nonetheless, defendant could have still raised this defense for the arbitrators to decide in their "sole discretion" (CPLR 7502[b]). While defendant had stated in discovery responses during the arbitration that he objected to producing documents related to claims that may be time-barred, he never asserted a statute of limitations defense in his statement of claim or sought any ruling or stipulation from the arbitrators on the issue during the ensuing six years. Thus, according to the reasonably plain language of the parties' agreement, there was no statute of limitations issue within the scope of issues to be litigated in court. Having waived any right to have the court or arbitrators decide the statute of limitations issue in 2016, defendant should not be able to have it decided by the court now (see Matter of Tilbury Fabrics v Stillwater, Inc., 56 NY2d 624, 626 [1982] [statute of limitations defense waived by failure to raise it in a motion to stay arbitration or before the arbitrators]; Matter of Jewish Ctr. of Forest Hills W., Inc. v Goldberg, 160 AD3d 644, 645-646 [2d Dept 2018]). Moreover, it would be unfair to allow defendant to raise the defense at this late date when the parties have spent considerable time and money on discovery, including extensive accountants' reports, and the case is now trial ready (see Cseh v New York City Tr. Auth., 240 AD2d 270, 271-272 [1st Dept 1997]).
However, as to the fourth cause of action for fraud, plaintiff asserts that defendant is liable for an actual, independent fraud pursuant to CPLR 213(8), rather than one that is merely incidental to the breach of fiduciary duty claim. However, under the stipulation taking the matter out of arbitration, the parties agreed that the scope of this action would be limited to the statements of claim from arbitration, the arbitration agreement, and any prior rulings or stipulations in the arbitration. Plaintiff's statement of claim made no independent claim of actual fraud, nor does plaintiff point to language in the statement of claim, the arbitration agreement, or any other ruling or stipulation that would form the basis of an independent fraud cause of action. Thus, plaintiff is precluded from asserting an independent fraud claim in this action. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025