Allen v Kukin (2025 NY Slip Op 05141)

Allen v Kukin

2025 NY Slip Op 05141

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 805116/22|Appeal No. 4730|Case No. 2025-02252|

[*1]Sonja Allen etc., Plaintiff-Appellant,
v
Marrick Lee Kukin, M.D., et al., Defendants-Respondents, John Doe, M.D., et al., Defendants.

Alpert, Slobin & Rubenstein, LLP, Bronx (Morton Alpert of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.

Order, Supreme Court, New York County (Kathy King, J.), entered March 26, 2025, which, to the extent appealed from, granted defendants' motion pursuant to CPLR 3025(b) to amend their answer to add an affirmative defense of immunity, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting defendants leave to amend their answer to assert immunity protections afforded by the executive orders issued during the COVID-19 pandemic and the Emergency or Disaster Treatment Protection Act (EDTPA). Plaintiff identifies no prejudice from the 15-month delay in this action, which is still in the early stages of discovery (see Seda v New York City Hous. Auth., 181 AD2d 469, 469-470 [1st Dept 1992], lv denied 80 NY2d 759 [1992]). Moreover, the amendment is not patently insufficient given that the alleged malpractice occurred during the time covered by the EDTPA. Defendants were not required to submit an affidavit showing that decedent's treatment was impacted by COVID-19 (see Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]; see also Daniels v Empire-Orr, Inc., 151 AD2d 370, 371 [1st Dept 1989]).
Plaintiff's contention that the EDTPA runs afoul of the New York Constitution is not properly before this Court.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025